UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FRADES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY; RORY ANGOLD; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | No. 2:19-cv-01693-TLN-CKD<br><br>**ORDER** |

      This matter is before the Court on Plaintiff Pamela Frades's ("Plaintiff") Motion to Remand and Request for Attorney's Fees. (ECF No. 6.) Defendant Zurich American Insurance Company ("Defendant") opposes the motion. (ECF No. 7.) Plaintiff did not file a reply. For the following reasons, the Court hereby GRANTS in part and DENIES in part Plaintiff's motion.

///
///
///
///
///
///
///

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant is Plaintiff's former employer. Plaintiff sued Defendant and its officer, Rory Angold ("Angold"), (collectively, "Defendants") in Sacramento County Superior Court on July 17, 2019. (ECF No. 1 at 11.) Plaintiff alleges five causes of action, which include: (1) violation of California Labor Code § 970[1]; (2) sex discrimination (Cal. Gov't Code § 12940(a)); (3) hostile work environment harassment (Cal. Gov't Code § 12940(j)); (4) failure to prevent harassment, discrimination, and retaliation (Cal. Gov't Code § 12940(k)); and (5) wrongful termination in violation of public policy. (ECF No. 1 at 19–26.)

Plaintiff alleges, among other things, that Defendant promised her a position in Seattle, Washington for an indefinite period of time. (ECF No. 1 at 20.) Plaintiff further alleges Defendant terminated Plaintiff's position shortly after she had relocated and purchased a home near Seattle, Washington. (ECF No. 1 at 18.) Plaintiff alleges she was a resident of California "at all times relevant to his action," except for a brief period prior to her termination when she was domiciled in Washington State at the directive of Defendant. (ECF No. 1 at 12.)

On August 28, 2019, Defendant removed the action based on diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1 at 5.) Defendant contends there is complete diversity between the parties because Plaintiff is a citizen of Washington State, Defendant is a citizen of Illinois and incorporated in New York, and Angold is a citizen of California.[2] (ECF No. 1 at 5.) On September 27, 2019, Plaintiff filed the instant Motion to Remand and Request for Attorney's Fees, asserting there is not complete diversity because she was a California citizen when she filed the Complaint. (ECF No. 6-1.) Defendant opposed and requested the opportunity for jurisdictional discovery. (ECF No. 7.)

///

---

[1]   California Labor Code § 970 prohibits an employer from influencing or persuading an employee to relocate for a job by making knowingly false representations regarding the nature or duration of the work. Cal. Lab. Code § 970(a), (b).

[2]   Defendant also contends the forum defendant rule does not bar removal because Plaintiff has not "properly joined and served" Angold (the in-state defendant) under 28 U.S.C. § 1441(b). (ECF No. 1 at 6 n.1.)

## II.   STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1).

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e. complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled. *Weight v Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014). Importantly, diversity is determined as of the time the complaint is filed and removal effected. *Stroken Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id*. (citation omitted). "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.'" *Id*. (citation omitted). "For these reasons, '[w]e strictly construe the removal statute against removal jurisdiction.'" *Id*. (citation omitted).

## III.   ANALYSIS

### A.   Diversity of Citizenship

In moving to remand, Plaintiff argues there is not complete diversity — and therefore removal was improper — because both she and Angold are citizens of California. (ECF No. 6-1

at 3–4.) Plaintiff also submits a declaration attesting: (1) she was domiciled in California when she filed the Complaint in July 2019; (2) she continues to be domiciled in California; and (3) she intends to remain in California. (ECF No. 6-3 at 1.) Plaintiff also clarifies that she only resided in Washington State for a brief period of time and not at the time she filed the Complaint. (*Id.*)

In opposition, Defendant argues there is complete diversity — and therefore removal was proper — because Plaintiff is a citizen of Washington State. More specifically, Defendant points to the following evidence: (1) Plaintiff alleges in her Complaint that in November 2017, she bought a house in Seattle, moved to Washington, and was domiciled in Washington "briefly prior" to her termination (ECF No. 1 at 18); (2) on July 19, 2018, and January 2, 2019, Plaintiff filed administrative charges with the California Department of Fair Employment and Housing which state that Plaintiff resides in Washington (ECF No. 7 at 4.); and (3) publicly available real estate records indicate Plaintiff owns a home in Washington. (ECF No. 7 at 5.) Defendant also argues that should the Court have doubts, it should grant jurisdictional discovery rather than remand the case. (*Id.*)

To be clear, it is undisputed that there *is* complete diversity if Plaintiff was a citizen of Washington when she filed her Complaint, but there *is not* complete diversity if Plaintiff was a citizen of California when she filed her Complaint. A person's citizenship is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* In *Lew v. Moss*, the Ninth Circuit listed factors that are relevant in determining domicile, including residence, voting registration and voting practices, location of real and personal property, location of bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. 797 F.3d at 749–750 (9th Cir. 1986).

At the outset, the Court notes that both parties provide minimal evidence and Plaintiff could have greatly simplified the Court's inquiry by submitting public records to prove her citizenship in California. Ultimately, however, Defendant bears the burden of proof as the party

seeking federal jurisdiction. *Geographic Expeditions, Inc.*, 599 F.3d at 1106–07; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Looking to Defendant's evidence, Defendant claimed in its notice of removal that Plaintiff alleges she is an "adult domiciled in Washington [State]." (ECF No. 1 at 5). But Defendant misrepresents Plaintiff's Complaint. Paragraph 1 of Plaintiff's Complaint reads as follows:

> "Pamela Frades ("Plaintiff" or "Ms. Frades") was at all times relevant to this action, a recruit, employee, or wrongfully terminated employee of Defendant Zurich American Insurance Company. While employed by Defendant, and at all times relevant to this action, *Plaintiff was a resident of California, or briefly prior to her termination, domiciled in Washington State at the directive of Defendant*." (*Id.*) (emphasis added.)

When viewed in context, the Complaint implies Plaintiff returned to California after Defendant eliminated her position. Plaintiff also clarifies any perceived ambiguity by stating in her declaration that she only resided for a brief period of time in Washington State and resided in California with the intent to stay when she filed her Complaint in July 2019. (ECF No. 6-3 at 1.)

Defendant next cites two administrative charges that list Washington State as Plaintiff's residence. (ECF No. 1 at 5.) The administrative charges are unpersuasive for two reasons. First, the charges may list Washington State as Plaintiff's residence at the time, "[b]ut the diversity jurisdiction statute . . . speaks of citizenship, not of residency." *Kanter*, 265 F.3d at 857. Second, the letters are dated July 19, 2018 and January 2, 2019. (ECF No. 1-2 at 30, 36.) Plaintiff filed her Complaint on July 17, 2019, more than six months after the January 2, 2019 letter and approximately eighteen months after Defendant terminated Plaintiff. (ECF No. 1 at 11.) As such, Defendant fails to persuade the Court that the administrative charges are evidence that Plaintiff still resided in Washington and intended to stay there when she filed her Complaint six months later. Nor do the administrative charges rebut Plaintiff's declaration that she was domiciled in California when she filed her Complaint. (ECF No. 6-3 at 1.)

5

Defendant's argument that Plaintiff owns a home in Washington similarly fails. Even assuming Plaintiff still owns the home, the location of real property is only one relevant factor set forth in *Lew*. In other words, the fact that Plaintiff owns real estate in Washington does not mean that she lived there and intended to stay when she filed her Complaint, especially in light of Plaintiff's specific declaration to the contrary.

For these reasons and in light of the strong presumption against removal, the Court finds Defendant fails to meet its burden to show that Plaintiff was a Washington citizen when she filed her Complaint. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106–07; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

B.   Jurisdictional Discovery

Defendant argues the Court should permit jurisdictional discovery if there is any doubt as to diversity jurisdiction. (ECF No. 7 at 5.) The Court may grant jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). However, where a claim of "jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials, . . . the Court need not permit even limited discovery." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (citation and quotations omitted); *see also Boschetto*, 539 F.3d at 1020 (affirming a district court's denial of jurisdictional discovery when the request was "based on little more than a hunch that it might yield jurisdictionally relevant facts"). Further, a district court's decision denial of jurisdictional discovery will not be reversed except "upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (citation and quotations omitted).

For the reasons already discussed, Defendant's claim that Plaintiff is a Washington citizen is "attenuated and based on bare allegations in the face of [Plaintiff's]

specific denials." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995). Moreover, Defendant has not argued that denial of further discovery will result in "actual and substantial prejudice." *Butcher's Union*, 788 F.2d at 540. The Court therefore DENIES Defendant's request to conduct jurisdictional discovery. *See id.*

### C.    Attorney's Fees Under 28 U.S.C. § 1447

Lastly, Plaintiff argues she is entitled to attorney fees. (ECF No. 6-1 at 5.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court cannot say that Defendant "lacked an objectively reasonable basis for seeking removal." *Id.* Plaintiff's Complaint could have been clearer, and Defendant's arguments were not completely unfounded. Moreover, Plaintiff could have easily settled this jurisdictional dispute by providing more evidence to guide the Court's analysis. As such, the Court DENIES Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c).

### IV.    CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's motion in part and REMANDS the case to Sacramento County Superior Court. However, the Court DENIES Plaintiff's request for attorney's fees. (ECF No. 6.)

IT IS SO ORDERED.

DATED: October 6, 2020

Troy L. Nunley
United States District Judge